FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 19 2003

LUTHER ... TH ...
By: ...
Deputy Clerk

**ORIGINAL** **IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KYRA MASSEY KENNEDY,                )
                                    )
        Plaintiff,                  )
                                    )
                                    )   CIVIL ACTION
v.                                  )   FILE NO. 1:03-CV-0498 - m HS
                                    )
HEWLETT PACKARD COMPANY             )
                                    )
        Defendant.                  )
                                    )

## DEFENDANT'S MOTION TO DISMISS

Defendant Hewlett-Packard Company ("Defendant") hereby moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth in greater detail in Defendant's brief in support of its Motion to Dismiss, which is being filed concurrently, neither Count I nor Count II of Plaintiff's Complaint states a claim upon which relief may be granted.

Wherefore, Defendant respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this ⟨19th⟩ day of March, 2003.


By: _Donna L. Keeton_____
     L. Traywick Duffie
     Georgia Bar No. 231950
     W. Christopher Arbery
     Georgia Bar No. 021010
     Donna L. Keeton
     Georgia Bar No. 006961
     HUNTON & WILLIAMS
     Bank of America Plaza, Suite 4100
     600 Peachtree Street, N.E.
     Atlanta, Georgia  30308-2216
     Telephone:  (404) 888-4000
     Facsimile:  (404) 888-4190

     Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KYRA MASSEY KENNEDY,                )
                                    )
            Plaintiff,              )
                                    )   CIVIL ACTION
v.                                  )   FILE NO.  1:03-CV-0498
                                    )
HEWLETT PACKARD COMPANY             )
                                    )
            Defendant.              )
                                    )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing

DEFENDANT'S MOTION TO DISMISS upon counsel for Plaintiff by causing a

copy to be placed in the United States Mail, postage prepaid and addressed as

follows:

Leslie M. Gresham                   Shana M. Rooks
P.O. Box 441                        116 South Main Street, Suite 4
Jonesboro, Georgia 30237            Jonesboro, Georgia  30236


This __19th__ day of March, 2003.

*Donna L. Keeton*

Counsel for Defendant

37845.000205 ATLANTA 391055v2

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 19 2003

LUTHER
By:
Clerk

**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| KYRA MASSEY KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 1:03-CV-0498 ~ MHS |
| | ) | |
| HEWLETT PACKARD COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS

Defendant Hewlett-Packard Company ("Defendant") hereby submits the following brief in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

## I.    INTRODUCTION

Plaintiff Kyra Massey Kennedy ("Plaintiff") filed her two-count Complaint on February 24, 2003, against Defendant, her former employer.  In her Complaint, Plaintiff alleges that she is an African-American female and that she was terminated "due to her race and her pregnant status."  (Compl. at ¶¶ 4, 24.) According to the Complaint, after Plaintiff was terminated on July 17, 2002, she filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") on October 28, 2002, and the EEOC issued a right-to-sue letter to Plaintiff on November 22, 2002. (Compl. at ¶¶ 22, 25-26.)

In Count I of her Complaint, Plaintiff alleges that she was unlawfully terminated based on her "sex, race and disability" in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").[1] (Compl. at ¶ 28.) In Count II, Plaintiff alleges that she was subjected to intentional infliction of emotional distress. (See Compl. at ¶¶ 31-33.) Plaintiff's Complaint, however, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   ARGUMENT AND LEGAL AUTHORITY

### A.   The Standard For A Motion To Dismiss.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), "[t]he court must accept the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff." Prince Heaton Enters. v. Buffalo's Franchise Concepts, Inc., 117 F. Supp. 2d 1357, 1360 (N.D. Ga. 2000). "However, the court

---

[1] Elsewhere in her Complaint, Plaintiff states that her action is authorized under the "Pregnancy Disabilities Act, ('PDA')." Presumably, Plaintiff intended to refer to the Pregnancy Discrimination Act of 1978, which is incorporated into Title VII at 42 U.S.C. § 2000e(k).

is not required to accept as true the plaintiff's conclusions of law." Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001); see also Solis-Ramirez on behalf of Solis v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

In this case, even accepting Plaintiff's allegations as true, her Complaint fails to state a viable cause of action in either count of her Complaint. Defendant's Motion to Dismiss should, therefore, be granted.

**B.      Plaintiff Has Failed To Allege A Viable ADA Claim.**

Count I of Plaintiff's Complaint purports to set forth, in part, a claim for disability discrimination under the ADA. (Compl. at ¶ 28.) Plaintiff, however, has wholly failed to allege any viable claim under the ADA because she has not alleged the existence of any "disability" within the meaning of the ADA, and she also failed to exhaust her administrative remedies with regard to any ADA claim.

> 1.      Plaintiff's ADA claim fails as a matter of law because Plaintiff has failed to allege a "disability" within the meaning of the ADA.

To establish a prima facie case of disability discrimination, a plaintiff must establish: (1) that she has a disability within the meaning of the ADA; (2) that she is a qualified individual; and (3) that she was discriminated against because of her disability. See, e.g., Waddell v. Valley Forge Dental Assocs., 276 F.3d 1275, 1279

(11th Cir. 2001), cert. denied, 122 S. Ct. 2293 (2002).  To be "disabled" for ADA purposes, a plaintiff must establish that she has "a physical or mental impairment that substantially limits one or more of [her] major life activities," or that she has a "record of" or was "regarded as having" such an impairment.   42 U.S.C. § 12102(2).  Here, Plaintiff has failed to allege that she has (or had) a "disability" within the meaning of the ADA.  See Olmsted v. Defosset, 205 F. Supp. 2d 1316, 1320 (M.D. Fla. 2002) (dismissing ADA claim because "[n]owhere in his complaint does Plaintiff allege how or why he is disabled").

Presumably, Plaintiff is attempting to base her ADA claim on "her pregnant status." (Compl. at ¶ 24.)  Courts have consistently recognized, however, that pregnancy does not constitute a disability within the meaning of the ADA.  See, e.g., Farrell v. Time Serv., Inc., 178 F. Supp. 2d 1295, 1298-99 (N.D. Ga. 2001) ("It is clearly established that pregnancy per se does not constitute a disability under federal law."); Walsh v. Food Supply, Inc., No. 96-677-CIV-ORL-18, 1997 WL 401594, at *2 (M.D. Fla. Mar. 19, 1997) (granting motion to dismiss with regard to ADA claim because plaintiff alleged she was terminated due to her pregnancy, and "pregnancy is not a disability under the ADA");[2] see also 29 C.F.R. § 1630.2(h), App. ("Other conditions, such as pregnancy, that are not the result of a

---

[2] Copies of any unpublished decisions are attached as Exhibit 1.

physiological disorder are also not impairments."). Because Plaintiff has failed to allege facts to support any claim that she has a "disability" within the meaning of the ADA, Plaintiff's ADA claim must be dismissed.

> 2.   Plaintiff's ADA claim fails as a matter of law because she failed to exhaust her administrative remedies.

Plaintiff's ADA claim is also subject to dismissal due to Plaintiff's failure to exhaust her administrative remedies. See Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (noting that, in order to pursue ADA claim, plaintiff must first file discrimination charge with EEOC within 180 days of alleged unlawful practice). When Plaintiff filed her charge of discrimination with the EEOC on October 28, 2002, she alleged only that she had been discriminated against on the basis of her race and sex "in violation of Title VII of the Civil Rights Act of 1964, as amended." (See Exhibit 2 hereto.)[3]  Plaintiff did not mark "disability" as one of the bases of her charge, nor does her factual statement

---

[3]      Because Plaintiff references her charge of discrimination within her Complaint (Compl. at ¶ 25), it may properly be considered by the Court in ruling on Defendant's Motion to Dismiss. See, e.g., Clark, 174 F. Supp. 2d at 1370 (recognizing that, in evaluating motion to dismiss, court may consider any attachments to the complaint or "any documents referenced in the complaint that are central to the plaintiff's case"); Deerman v. Federal Home Loan Mortgage Corp., 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) (considering document that was referenced in complaint in ruling on defendant's motion to dismiss), aff'd, 140 F.3d 364 (11th Cir. 1998).

include any allegations regarding any alleged disability or any claim under the ADA.[4]  See Hill v. Johnson Controls World Servs., No. CV294-028, 1994 WL 562583, at *3 (S.D. Ga. July 29, 1994) (dismissing plaintiff's disability discrimination claim because plaintiff's EEOC charge alleged only race discrimination), aff'd, 51 F.3d 1051 (11th Cir. 1995).  Accordingly, even assuming Plaintiff's Complaint properly alleged the existence of a "disability" within the meaning of the ADA, Plaintiff's ADA claim is still properly dismissed due to her failure to exhaust her administrative remedies.

### C.   Plaintiff's Complaint Also Fails To State A Viable Title VII Action.

Plaintiff's Title VII claims should also be dismissed on multiple grounds. Specifically, Plaintiff's Title VII claims are untimely, and even Plaintiff's own allegations establish that Plaintiff cannot meet her burden of establishing a prima facie case of either sex or race discrimination.

---

[4]    Although the factual summary of the charge mentions Plaintiff's pregnancy, it is mentioned only with regard to Plaintiff's sex discrimination claim. See Exhibit 1 ("I believe I have been discriminated against because of my . . . sex (due to pregnancy) . . . .").  Moreover, as discussed above, pregnancy does not constitute a disability for ADA purposes.

### 1.   Plaintiff's Title VII claims are untimely.

An individual alleging claims under Title VII must initiate a civil action on those claims within 90 days after receiving a right-to-sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir.) (affirming dismissal of Title VII claim on grounds that plaintiff did not file complaint until 97 days after the EEOC mailed his right-to-sue letter), cert. denied, 123 S. Ct. 422 (2002).  The plaintiff bears the burden of establishing that this 90-day limit was met. Green, 281 F.3d at 1233.

Plaintiff alleges that the EEOC issued her right-to-sue letter "[o]n or about November 22, 2002."  (Compl. at ¶ 26.)  Plaintiff, however, did not file her Complaint until February 24, 2003, 94 days after the EEOC issued her right-to-sue letter.  See Law v. Hercules, Inc., 713 F.2d 691, 692 (11th Cir. 1983) (finding Title VII claims untimely when complaint was not filed until 91 days after receiving right-to-sue); Martinez v. United States Sugar Corp., 880 F. Supp. 773, 777 (M.D. Fla. 1995) (holding that Title VII action was untimely because action was not filed until 95 days after date on right-to-sue letter), aff'd, 77 F.3d 497 (11th Cir. 1996); Brown v. Consolidated Freightway, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (dismissing *pro se* plaintiff's Title VII claims – and granting Rule 11 sanctions against plaintiff – because plaintiff filed his complaint one day beyond 90-day

filing period); see also Norris v. Florida Dep't of Health & Rehabilitative Servs.,
730 F.2d 682, 683 (11th Cir. 1984) (holding that Federal Rule of Civil Procedure
6(e), which allows three additional days when document is served by mail, does
not apply to the statutory 90-day time period for initiating actions under Title VII).
Accordingly, Plaintiff's Title VII claims are untimely and should be dismissed.[5]

2.   Plaintiff's own allegations establish that Plaintiff cannot
establish a prima facie case of race or sex discrimination.

Plaintiff's Title VII claims should also be dismissed because, even accepting
Plaintiff's factual allegations as true, Plaintiff has not alleged either direct or
circumstantial evidence of discrimination. See, e.g., Combs v. Plantation Patterns,
Meadowcraft, Inc., 106 F.3d 1519, 1527 (11th Cir. 1997) (noting that Title VII
claims may be established through direct or circumstantial evidence).  To establish
her claims by direct evidence, Plaintiff would have to allege statements that:
(1) are capable of only one interpretation, which is "blatantly" discriminatory;
(2) were made by an individual involved in the employment decision at issue; and
(3) were directly related to the employment decision in question.  See Bass v.
Board of County Comm'rs, 256 F.3d 1095, 1105 (11th Cir. 2001); Standard v.

---

[5]  The ADA also incorporates Title VII's procedural requirements.  See 42
U.S.C. § 12117(a).   Therefore, even if Plaintiff had properly alleged disability
discrimination in her EEOC charge, her ADA claim, like her Title VII claims,
would be untimely.

A.B.E.L. Servs., 161 F.3d 1318, 1330 (11th Cir. 1998).  Under the circumstantial evidence method, Plaintiff would have to establish that:  (1) she is in a protected group due to her sex and/or race; (2) she was qualified for the job; (3) she has suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual not in her protected group(s).  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff's allegations cannot satisfy either method.  Although she alleges that "an upper level supervisor" told her that "she would probably have difficulty handling the stress on her job in the up coming months," and that Plaintiff "believed this remark to be directed at her pregnancy" (Compl. at ¶ 21), this statement falls far short of constituting direct evidence of sex or pregnancy discrimination.  Plaintiff has also failed to allege that any similarly situated white, male, or non-pregnant employee was treated more favorably.

In addition, Plaintiff has not alleged that she was qualified for her position, and, in fact, her own allegations establish otherwise.  Specifically, in paragraph 15 of the Complaint, Plaintiff alleged that her duties "were difficult" and her position required her "to attempt to resolve issue/problems in areas that she had no experience, knowledge or training." (Compl. at ¶ 15.)  Accordingly, Plaintiff's Complaint fails to state a claim for either race or sex discrimination, and Plaintiff's

9

Title VII claims should be dismissed.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (holding that, although a plaintiff need not plead specific facts to establish all the elements of a prima facie case of employment discrimination, to survive a motion to dismiss, the complaint, at a minimum, "must include 'a short and plain statement of the claim *showing that the pleader is entitled to relief*'") (quoting Fed. R. Civ. P. 8(a)(2) (emphasis added)).

**D.     Count II of Plaintiff's Complaint Should Also Be Dismissed Because Plaintiff's Allegations Are Insufficient To Establish A Claim For Intentional Infliction Of Emotional Distress.**

To establish a claim for intentional infliction of emotional distress under Georgia law:

> (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe. . . .  Moreover, it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Northside Hosp., Inc. v. Ruotanen, 541 S.E.2d 66, 68-69 (Ga. App. 2000) (citation and internal quotations omitted).  In this case, Plaintiff has not alleged any conduct that would satisfy this strict standard.

Plaintiff's Complaint alleges only that Defendant denied Plaintiff's request to return to her previous position, that Defendant placed Plaintiff on a corrective action plan and then probation for alleged poor job performance, and that Defendant subsequently terminated Plaintiff, which Plaintiff alleges in conclusory fashion was "due to her race and her pregnant status."  (Compl. at ¶¶ 17-20, 22, 24.)  None of this alleged conduct, however, rises to the level of outrageous conduct necessary to support a claim for intentional infliction of emotional distress.  See, e.g., Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) ("Even if the employee is not terminable at will, discharge for an improper reason does not constitute the egregious kind of conduct on which a claim of intentional infliction of emotional distress can be based."); Farrell, 178 F. Supp. 2d at 1299 (granting motion to dismiss with regard to emotional distress claim that was based on allegation that employee was terminated because she was pregnant); Borden v. Johnson, 395 S.E.2d 628, 630 (Ga. App. 1990) (holding that allegation that employee was terminated due to her pregnancy did not establish claim for intentional infliction of emotional distress); see also Jarrard v. United Parcel Serv.,

529 S.E.2d 144, 146-47 (Ga. App. 2000) (holding that intentional infliction of emotional distress claim failed despite allegations that the supervisor gave the employee a "stinging" performance evaluation immediately upon employee's return from leave for psychiatric care, that the employee "begged in tears" for postponement of the evaluation, and that the supervisor "insisted, on penalty of termination and with a smirk," that the evaluation continue for twenty minutes, after which the employee suffered "a complete mental breakdown from which he has not recovered"). Because Plaintiff has failed to allege facts that will support a claim of intentional infliction of emotional distress, Count II of Plaintiff's Complaint should be dismissed.

## III.   CONCLUSION

Plaintiff wholly fails to allege a viable claim under either count of her Complaint. The facts alleged demonstrate that Plaintiff's purported claims under the ADA, Title VII, and common law in Georgia are doomed to fail. Accordingly, Defendant respectfully requests that the Court dismiss both counts of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted this _19th_ day of March, 2003.

By: _Donna L. Keeton_

L. Traywick Duffie
Georgia Bar No. 231950
W. Christopher Arbery
Georgia Bar No. 021010
Donna L. Keeton
Georgia Bar No. 006961
HUNTON & WILLIAMS
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  (404) 888-4000
Facsimile:  (404) 888-4190

Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS complies with the Local Rules' requirements as to font in that it was prepared in Times New Roman, 14 point.

This _9th_ day of March, 2003.

By: _Donna L. Keeton_

Donna L. Keeton   (Ga. Bar No. 006961)
HUNTON & WILLIAMS
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  (404) 888-4000
Facsimile:  (404) 888-4190

Counsel for Defendant



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

Date of Printing: MAR 13,2003

## KEYCITE

CITATION:     **Hill v. Johnson Controls World Services, Inc., 1994 WL 562583, 3 A.D. Cases 805, 7 A.D.D.**
**290, 5 NDLR P 301 (S.D.Ga., Jul 29, 1994) (NO. CIV. A. CV294-028)**
**History**
**Direct History**

=>       1     **Hill v. Johnson Controls World Services, Inc.,** 1994 WL 562583, 3 A.D. Cases 805, 7 A.D.D. 290, 5
              NDLR P 301  (S.D.Ga. Jul 29, 1994) (NO. CIV. A. CV294-028)
                        *Affirmed by*
         2     Hill v. Johnson Controls World, 51 F.3d 1051  (11th Cir.(Ga.) Mar 22, 1995) (TABLE, NO. 94-8902)

© Copyright 2003 West, Carswell, Sweet & Maxwell Asia, Ltd. and Thomson Legal & Regulatory Limited, ABN
64 058 914 668, or their Licensors. All rights reserved.

1994 WL 562583
3 A.D. Cases 805, 7 A.D.D. 290, 5 NDLR P 301
(Cite as: 1994 WL 562583 (S.D.Ga.))

# H

United States District Court, S.D. Georgia,
Brunswick Division.

Berry W. HILL, Plaintiff,
v.
JOHNSON CONTROLS WORLD SERVICES,
INC., Defendant.

### Civ. A. No. CV294-028.

July 29, 1994.

Fred Stephen Clark, Savannah, GA, for plaintiff.

Donna Linn Crossland, Fendig, McLemore, Taylor
& Whitworth, Brunswick, GA.   Kevin E. Hyde,
Marcia Maria Morales, Guy O. Farmer, II, Foley &
Lardner, Jacksonville, FL, for defendant.

### *ORDER*

ALAIMO, District Judge.

**\*1** On March 4, 1994, Plaintiff, Berry W. Hill
("Hill"), filed this federal question action alleging
that his former employer, Johnson Controls World
Services, Inc. ("Johnson Controls"), *violated his*
rights under the Americans with Disabilities Act, 42
U.S.C. § 12101 *et seq.* ("ADA"), and under 42
U.S.C. § 1983 ("§ 1983"), when it fired him because
his body fat percentage exceeded standards set by the
United States Navy (the "Navy").     This case is
presently before the Court on Johnson Controls'
motion for summary judgment and on Hill's cross-
motion for summary judgment.     For the reasons
discussed below, Johnson Controls' motion for
summary judgment will be GRANTED and Hill's
cross- motion for summary judgment will be
DENIED.

### FACTS

Johnson Controls has a contract with the Navy to
provide services, including security, to the Kings Bay
Submarine Base in Kings Bay, Georgia.     Johnson
Controls employed Hill as a security guard on the
Kings Bay Submarine base from January, 1989 until
October 20, 1992.

*In accordance with its Navy contract, Johnson*
Controls implemented a policy of dismissing workers
whose percentage of body fat exceeded specified
standards. On October 20, 1992, Johnson Controls

fired Hill, telling him that he was being fired because
of his failure to comply with the body fat standards.

On December 10, 1992, Hill filed a complaint with
the United States Department of Labor, Office of
*Federal Contract Compliance Programs,* alleging that
Johnson Controls had discriminated against him on
the basis of his race (black).     The Department of
Labor forwarded that complaint to the United States
Equal   Employment   Opportunity   Commission
("EEOC") on January 13, 1993.

The Department of Labor complaint form instructed
the complaining party to place a check beside the
type or types of discrimination that the party intended
to allege.     Hill checked the line labeled "Race-
Black," but left all the other lines blank.     In the
narrative portion of his Department of Labor
complaint, Hill indicated that Johnson Controls'
proffered reason for firing him was his failure to meet
the body fat standards.     Hill did not, however,
attempt to characterize his weight or body fat
problem as a "disability," and did not allege that he
had been discriminated against on the basis of a
disability.The main thrust of Hill's Department of
Labor complaint was that he had been treated
differently from other overweight workers because of
his race.

In June, 1993, Hill filed a charge of discrimination
with the EEOC.     In the section of the charge form
captioned "Cause of discrimination based on (Check
appropriate box[es] )," Hill checked "race."   He did
not check the box labeled "disability."

The EEOC investigated Hill's charge and determined
that the evidence obtained during the investigation
did not establish a violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title
VII").     The EEOC's written determination did not
mention the ADA or address whether Hill had been
discriminated against on the basis of a disability.
The written determination was limited to the issue of
whether Johnson Controls had discriminated against
Hill on the basis of his race.   Along with this written
determination, the EEOC issued Hill a right-to-sue
letter.

**\*2** Hill filed the instant suit on March 4, 1994.   In
his district court complaint, he alleged that Johnson
Controls had discriminated against him on the basis
*of a medical disability,* inability to lose weight.   He
did   not   allege   that   Johnson   Controls   had
discriminated against him on the basis of his race.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

On May 24, 1994, Johnson Controls filed its motion for summary judgment, contending that Hill's ADA claim cannot proceed in federal court, because Hill has failed to comply with the procedural prerequisites to filing suit under the ADA. Johnson Controls further argues that Hill's claim under § 1983 cannot proceed because the ADA is the exclusive remedy for alleged violations of its provisions.

On June 13, 1994, Hill filed his cross-motion for summary judgment and response to Johnson Controls' motion for summary judgment. In his response, Hill attempted to defend his ADA claim. Hill's response did not, however, make any reference to his § 1983 claim.

*DISCUSSION*

I. *Summary Judgment*

Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Summary judgment is also proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party to a summary judgment motion need make this showing only after the moving party has satisfied its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The court should consider the pleadings, depositions and affidavits in the case before reaching its decision, Fed.R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the non-movant. *Adickes,* 398 U.S. at 158-59.

Cross-motions for summary judgment do not preclude the Court from finding material facts in dispute. Each motion must be considered separately, and the Court may render judgment for one party only if it finds that there is no genuine issue of material fact and that such party is entitled to prevail as a matter of law. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2720. *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 594 (N.D.Ga.1982).

A. Hill's Claim Under The ADA

Before a plaintiff can assert a claim under the ADA in federal court, he must file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 12117(a) (stating that certain enforcement procedures from Title VII apply in ADA cases); *and Buffington v. General Time Corp.*, 677 F.Supp. 1186, 1192 (M.D.Ga.1988) (describing enforcement procedures under Title VII). After the EEOC completes its investigation of a discrimination charge and issues a right- to-sue letter, the charging party may file suit in federal district court. Receipt of a right-to-sue letter is a condition precedent to bringing a discrimination suit in federal court. *See Kent v. Director, Missouri Dept. of Elementary and Secondary Educ.*, 792 F.Supp. 59, 62 (E.D.Mo.1992) (dismissing plaintiff's ADA claim without prejudice because administrative proceedings on his charge were still pending).

*3 The permissible *scope* of a plaintiff's discrimination action in federal court may also be limited by the content of the plaintiff's EEOC charge. Claims brought in federal court must be "like or related" to the claims that were alleged in the plaintiff's EEOC charge and investigated by the EEOC. *Buffington,* 677 F.Supp. at 1192. The former Fifth Circuit offered the following analysis of the "like or related" requirement:

> [a plaintiff's complaint] may encompass any kind of discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation during the pendency of the case before the Commission. In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970) (citation omitted).

In *Buffington,* the plaintiff's EEOC charge contained allegations of race discrimination. Her complaint in district court, however, contained allegations of both race discrimination and age discrimination. 677 F.Supp. at 1188. The *Buffington* Court concluded that the plaintiff would not be permitted to pursue her age discrimination claim in federal court because she had not raised the age claim in her EEOC charge and the EEOC never had an opportunity to investigate such a charge. The *Buffington* Court further noted that the EEOC had not, in fact, considered an age claim, and could not reasonably have been expected to do so considering the content of the plaintiff's EEOC charge. *Id.* at 1194.

Hill's EEOC charge alleged race discrimination. His district court complaint, in contrast, alleged

discrimination on the basis of disability. Hill contends that his disability discrimination claim is one that could "reasonably be expected to grow out of" the allegations in his EEOC charge. The Court cannot agree.

In Hill's Department of Labor complaint and EEOC charge, he does not directly assert that Johnson Controls discriminated against him because he was overweight. Instead, he attempts to draw a contrast between the treatment he received from Johnson Controls and the treatment other overweight workers received from Johnson Controls. Further, Hill failed to check the "disability" discrimination box on the EEOC form. He checked the box for "race," but left the "disability" box blank. Finally, the EEOC did not, in fact, investigate or rule on whether Hill had been discriminated against on the basis of a disability. The EEOC concentrated its efforts on determining whether Hill's race had caused him to be treated differently from overweight workers of other races.

Because of the significant discrepancy in theory between Hill's EEOC charge and his complaint in district court, the Court concludes that the claim in Hill's district court complaint is not "like or related" to the claim alleged in his EEOC charge. As Hill has failed to exhaust the required administrative procedures for an ADA claim, and as his time for filing an EEOC charge for that claim has apparently expired, [FN1] summary judgment will be granted in favor of Johnson Controls on Hill's disability discrimination claim.

B. Hill's Claim Under § 1983

*4 When a motion for summary judgment has been filed, Local Rule 6.2 for the Southern District of Georgia requires the opposing party to respond to that motion within 20 days. Failure to respond indicates that there is no opposition to the motion. Although Hill responded to Johnson Controls' motion for summary judgment with respect to his ADA claim, he made no response to Johnson Controls' request for summary judgment on his § 1983 claim. Because Hill failed even to mention his § 1983 claim in his response to Johnson Controls' motion for summary judgment, summary judgment will be granted in favor of Johnson Controls on the § 1983 claim.

CONCLUSION

Accordingly, Johnson Controls' motion for summary judgment is hereby GRANTED, and Hill's cross-motion for summary judgment is hereby DENIED. The Clerk of the Court is directed to enter an appropriate judgment in favor of Johnson Controls.

SO ORDERED.

FN1. A charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e- 5(e)(1). Johnson Controls terminated Hill's employment on October 20, 1992.

1994 WL 562583, 1994 WL 562583 (S.D.Ga.), 3 A.D. Cases 805, 7 A.D.D. 290, 5 NDLR P 301

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1997 WL 401594
10 Fla. L. Weekly D534
(Cite as: 1997 WL 401594 (M.D.Fla.))

Page 1

**H**

United States District Court, M.D. Florida.

Christine A. WALSH Plaintiff,
v.
FOOD SUPPLY, INC., a Florida corporation,
Defendant.

**No. 96-677-CIV-ORL-18.**

March 19, 1997.

Frederick C. Morello, Frederick C. Morello, P.A.,
Daytona Beach, FL, for Christine A. Walsh, plaintiff.

John F. Dickinson, F. Damon Kitchen, Malfitano,
Campbell & Dickinson, Jacksonville, Fl, for Food
Supply, Inc., a Florida corporation, defendant.

ORDER

SHARP, District J.

**\*1** Christine A. Walsh (Walsh) brought this action
against Food Supply, Inc. (FSI) claiming violations
of Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e, et seq., as amended by the
Pregnancy Discrimination Act of 1978, 42 U.S.C. §
2000e(k) (Count I), the Americans with Disabilities
Act of 1990, 42 U.S.C. § 12102, et seq.(ADA)
(Count II), and the Florida Civil Rights Act of 1992,
chapter 760.01-11 of the Florida Statutes (FCRA)
(Count III). Walsh contends that her employment
with FSI was terminated for reasons related to her
pregnancy, which violated each of the statutory
enactments referenced above. FSI answered Walsh's
complaint with numerous affirmative defenses, and
concurrently moved to dismiss Counts II and III. The
case is presently before the court on FSI's motion to
dismiss, to which Walsh responded in opposition.
Having reviewed the complaint, legal memoranda of
counsel, and the relevant law, the court finds that
FSI's motion should be granted.

I. Findings of Fact

The court withholds an exhaustive recitation of the
facts at this point in the litigation because the issue
before the court is purely legal and does not implicate
the parties' respective versions of the relevant facts.

II. Conclusions of Law

FSI contends that Counts II and III of Walsh's

complaint should be dismissed because each fails to
state a cognizable claim under the applicable
substantive law. Specifically, FSI argues that
pregnancy is neither a "disability" as envisioned by
the ADA, nor a "handicap" as envisioned by the
FCRA. While relying upon one law review article to
counter the legal authority relied upon by FSI, Walsh
also contends that in the absence of directly
applicable authority emanating from the United
States Court of Appeals for the Eleventh Circuit, this
court would run the risk of frustrating the legislative
purpose of the ADA and FCRA by holding that
pregnancy was not a condition that would support a
claim under either. After setting forth the legal
standard by which FSI's motion will be reviewed, the
court will address each party's arguments.

A. Legal Standard for Motions to Dismiss

When evaluating a motion to dismiss, the court
accepts the allegations in the complaint as true, and
otherwise views the allegations in the light most
favorable to the plaintiff. Linder v. Portocarrero,
963 F.2d 332, 334 (11th Cir.1992) (citing Quality
Foods de Centro Am., S.A. v. Latin Am. Agribusiness
Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th
Cir.1983)). However, the court is not permitted to
assume that the plaintiff "can prove facts that it has
not alleged or that the defendants have violated the ...
laws in ways that have not been alleged." Associated
Gen. Contractors of Cal., Inc. v. California State
Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct.
897, 74 L.Ed.2d 723 (1983). Applying these rules,
the court may dismiss a claim for failure to state a
claim upon which relief can be granted if the
defendant demonstrates that the plaintiff can prove no
set of facts which would entitle him to relief under
the applicable substantive law. Conley v. Gibson,
355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957);
accord Powell v. Lennon, 914 F.2d 1459, 1463 (11th
Cir.1990).

B. FSI's Motion to Dismiss

**\*2** FSI's main argument as to Count II is that
pregnancy is not a disability under the ADA. The
court agrees with FSI's argument, as have other
federal courts. See e.g., Villareal v. J.E. Merit
Constructors, Inc., 895 F.Supp. 149, 152
(S.D.Tex.1995) (holding that pregnancy and related
medical conditions are not disabilities as defined by
ADA); Tsetseranos v. Tech Prototype, Inc., 893
F.Supp. 109, 119 (D.C.N.H.1995) (same); see also
Hindman v. GTE Data Servs., Inc., No. 93-1046-
CIV-T-17C, 1994 WL 371396 at \*3 (M.D.Fla. June

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1997 WL 401594
10 Fla. L. Weekly D534
(Cite as: 1997 WL 401594 (M.D.Fla.))

Page 2

24, 1994). Furthermore, the court is unconvinced by Walsh's argument that holding pregnancy to be outside the realm of covered disabilities under the ADA would frustrate its legislative purpose. Congress amended Title VII of the Civil Rights Act of 1964 by enacting the Pregnancy Discrimination Act of 1978, thereby explicitly including pregnancy and related conditions as illegal grounds for adverse employment action. The ADA was not enacted until 1990. Hence, Congress enacted the ADA knowing full well that it had already created protection from *employment discrimination based upon pregnancy.* Thus, nothing but redundancy would be gained by holding that discrimination in employment because of pregnancy or related conditions was actionable under the ADA as well. The court declines Walsh's invitation to so hold, and Count II shall be dismissed.

FSI next argues that Count III should similarly be dismissed. In Count III, Walsh claims that her termination from employment at FSI was based upon her pregnancy which, she contends, is considered a handicap under the FCRA of 1992. Accordingly, she cites chapter 760.10(1)(a) of the Florida Statutes which provides that:

> It is an unlawful employment practice for an employer: (a) To discharge or fail or refuse to hire an individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

Fla. Stat. ch. 760.10(1)(a) (1995). The text of this *chapter of the FCRA is identical to that of its* predecessor statute, the Florida Human Rights Act of 1977 (FHRA). *See* Fla. Stat. ch 760.10(1)(a) (1989). In interpreting this chapter of the FHRA, a Florida appellate court in 1991 held that the FHRA was preempted by Title VII as amended by the Pregnancy Discrimination Act of 1978, because Florida had not similarly amended its statute to prohibit pregnancy-based discrimination. *See O'Loughlin v. Pinchback, 579 So.2d 788, 792 (Fla.Dist.Ct.App.1991)* ("we *conclude that the* [FHRA], specifically *Section* [[sic] 760.10, Florida Statutes, is pre-empted by Title VII ... to the extent that Florida's law offers less protection to its citizens than does the corresponding federal law").

Even if Title VII did not preempt claims for pregnancy-based employment discrimination under Florida law, the court finds that pregnancy is not a "handicap" within the meaning of chapter 760.10(1)(a) of the FCRA *for the same reasons it is*

not a disability under the ADA. *See Brand v. Florida Power Corp., 633 So.2d 504, 507-09 (Fla.Dist.Corp.App.1994)* (Florida statutory law patterned after federal law will be interpreted in accordance with federal decisions). Accordingly, Count III of Walsh's complaint will be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion

**\*3** Based upon the foregoing, the court finds that Counts II and III of Walsh's complaint fail to state a claim upon which relief can be granted, even when her factual allegations are taken as true with all reasonable inferences are drawn in her favor. Accordingly, FSI's motion to dismiss Counts II and III (Doc. 8) is GRANTED.

1997 WL 401594, 1997 WL 401594 (M.D.Fla.), 10 Fla. L. Weekly D534

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works



# EXHIBIT / ATTACHMENT

2

(To be scanned in place of tab)

| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ISON FILING CHARGE |
|---|---|
| | Kennedy, Kyra M |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Ms Cheryl Mohr
Vice President Human Resources
Hewlett Packard Company
8000 Foothills Boulevard
Mail Stop 5706
Roseville, CA 95747

| ISON FILING CHARGE |
|---|
| Kennedy, Kyra M |
| THIS PERSON (check one) |
| [X] CLAIMS TO BE AGGRIEVED |
| [ ] IS FILING ON BEHALF OF ANOTHER |
| DATE OF ALLEGED VIOLATION |
| *Earliest* 03/18/2002   *Most Recent* 07/17/2002 |
| PLACE OF ALLEGED VIOLATION |
| Atlanta, GA |
| CHARGE NUMBER |
| 110A300271 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC "Rules and Regulations" before completing this Form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1.[X] No action is required on your part at this time.

2.[ ] Please submit by _____ a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3.[ ] *Please respond fully by* _____ *to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.*

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Atlanta District Office
100 Alabama St. S.W.
Suite 4R30
Atlanta, Georgia 30303

Althea Thompson
*(Commission Representative)*

(404) 562-6864
*(Telephone Number)*

[X] Enclosure: Copy of Charge

BASIS OF DISCRIMINATION

[X] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NAT. ORIGIN [ ] AGE [ ] DISABILITY [ ] RETALIATION [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 11/07/2002 | Bernice Williams-Kimbrough<br>Director | *Sandra Hill (for)* |

EEOC FORM 131 (Rev. 06/92)

RESPONDENT'S COPY

EEOC Form 161-B (10/96)

## U.s. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:Mrs. Kyra M. Kennedy
5890 Graywood Circle S E
Mableton, GA 30126

From:
Equal Employment Opportunity Commission
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

[    ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110A300271 | Althea Thompson, Federal Investigator | (404) 562-6864 |

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[    ]    More than 180 days have passed since the filing of this charge.

[    ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]    The EEOC is terminating its processing of this charge.

[    ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[    ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sandra Hill (for)*

**NOV 22 2002**

Bernice Williams-Kimbrough
Director
Atlanta District Office

Enclosure(s)

*(Date Mailed)*

cc:   Hewlett Packard Company

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 110A300271 |

_____ and EEOC

_State or local Agency, if any_

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Kyra M. Kennedy | (404) 691-1315 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5890 Graywood Circle S E, Mableton, GA 30126 | | 11/16/1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Hewlett Packard Company | Cat D (501 +) | (404) 648-2000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 20 Perimeter Summit Blvd, Atlanta, GA 30319 | | 089 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | EARLIEST        LATEST |
| ☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify) | 03/18/2002   07/17/2002 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I have been employed by the above-named employer as a Network Engineer since August 14, 1998. On March 18, 2002, I was placed on a corrective action plan. On May 15, 2002, I informed the Human Resource Manager that I was pregnant. The Human Resource Manager informed my supervisor and upper management that I was pregnant. On June 5, 2002, I was placed on probation. On July 17, 2002, I was terminated.

II. Wyly O'Brien (white), E-Team Network Manager, told me that I was being placed on the corrective action plan for poor job performance. Wyly O'Brien (white), E-Team Network Manager and Rich Lombardi (white), Upper Level Manager, told me that I was being placed on probation and terminated for poor job performance.

III. I believe that I have been discriminated against because of my race (black) and sex (due to pregnancy) in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

OCT 2 8 2002

EEOC-ATDO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| Date 10/28/02   _Kyra M Kennedy_ Charging Party (Signature) | |

**RESPONDENT'S COPY**